IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 00-30616
_____


RONALD MacINNIS,

Plaintiff-Appellant,

versus

PAN-AMERICAN LIFE INSURANCE
COMPANY,

Defendant-Appellee.

_____

Appeal from the United States District Court for the
Eastern District of Louisiana, New Orleans
USDC No. 99-CV-3890-J
_____

March 8, 2001

Before FARRIS,[*] JOLLY, and DAVIS, Circuit Judges.

PER CURIAM:[**]

This court has jurisdiction over MacInnis's appeal. We conclude that the district court did not abuse its discretion in finding that excusable neglect warranted an extension of time to file a notice of appeal.

After study of the briefs and consideration of the arguments made by the parties, we are convinced that the district court did

---

[*]Circuit Judge of the Ninth Circuit, sitting by designation.

[**]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

not err in dismissing MacInnis's complaint for lack of subject matter jurisdiction. MacInnis's federal claims are clearly insubstantial and appear to have been raised for the sole purpose of obtaining federal jurisdiction.

Because the district court dismissed MacInnis's complaint for lack of subject matter jurisdiction, MacInnis is not precluded, by this dismissal, from raising his breach of contract and unjust enrichment claims in state court. See Daigle v. Opelousas Health Care, Inc., 774 F.2d 1344, 1348 (5th Cir. 1985). To prevent any confusion, however, we remand to the district court with instructions to enter a judgment that will explicitly "dismiss the case for lack of subject matter jurisdiction, the dismissal to otherwise be without prejudice." See Voisin's Oyster House v. Guidry, 799 F.2d 189 (5th Cir. 1986).

The judgment of the district court is therefore AFFIRMED and the case REMANDED with instructions.

AFFIRMED and REMANDED with instructions.